UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH J. GIACALONE, individually
and as Trustee of the DEBORAH J.
GIACALONE REVOCABLE LIVING TRUST,

    Plaintiff,

vs.                                      Civil Action No.
                                        Hon.

UNITED STATES OF AMERICA,

    Defendant.
_____/
SCHWARTZ LAW FIRM, P.C.
By:  Mary A. Mahoney (P41568)
Attorneys for Plaintiff
37887 West Twelve Mile Road, Suite A
Farmington Hills, MI 48331
(248) 553-9400
(248) 553-9107 Facsimile
mmahoney@schwartzlawfirmpc.com
_____/

## COMPLAINT

NOW COMES Plaintiff, DEBORAH GIACALONE, by and through her attorneys, Schwartz Law Firm, P.C., and for her Complaint, states as follows:

### JURISDICTION AND VENUE

1.    This is an action pursuant to 26 U.S.C. §7426 and 26 C.F.R. 301.7426-1.

1

2. This Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. §1346(e), as this action for wrongful levy is commenced against the United States of America as Defendant.

3. Venue is proper with this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the Eastern District of Michigan.

## PARTIES

4. Plaintiff is an individual residing in W. Bloomfield, Michigan, within the Eastern District of Michigan.

5. Plaintiff, DEBORAH J. GIACALONE REVOCABLE LIVING TRUST, received a Notice of Levy as to real property located in W. Bloomfield, Michigan within the Eastern District of Michigan.

6. Plaintiff, DEBORAH J. GIACALONE, also received a Notice of Levy as to funds on deposit with PNC Bank, whose principal place of business is in Cleveland, Ohio, and who conducts business at branch offices located within the Eastern District of Michigan.

7. In the case of each levy set forth herein, Plaintiff DEBORAH J. GIACALONE, individually and as Trustee of the DEBORAH J. GIACALONE REVOCABLE LIVING TRUST, are named as the "Nominee" of Jack Giacalone.

8. Jack Giacalone is the husband of Plaintiff DEBORAH J. GIACALONE, and is the taxpayer against whom taxes have been assessed, which constitutes the tax liability for which the Notices of Levy set forth herein were issued.

9. This is a claim against the UNITED STATES OF AMERICA, which has waived its sovereign immunity for the claim stated herein pursuant to 26 U.S.C. §7426(a)(1).

## FACTUAL ALLEGATIONS

10. The DEBORAH J. GIACALONE REVOCABLE LIVING TRUST, by DEBORAH J. GIACALONE, Trustee, has been the sole owner of property located at 3492 Twin Oaks Court, W. Bloomfield, Michigan, since May 1, 1992.

11. DEBORAH J. GIACALONE has been the sole account holder and owner of funds on deposit in accounts with PNC Bank and its predecessors since the account(s) were opened.

12. Beginning in 2003, the Internal Revenue Service began assessing tax liabilities and statutory additions against taxpayer Jack Giacalone in his sole individual capacity.

13. Neither DEBORAH J. GIACALONE, individually, nor the DEBORAH J. GIACALONE REVOCABLE LIVING TRUST, has had unpaid taxes, penalties, or interest assessed against them.

14. On or about February 27, 2013, a Notice of Levy was sent to "Deborah J. Giacalone as Nominee of Jack Giacalone" which ordered seizure of funds belonging to DEBORAH J. GIACALONE and held on account at PNC Bank (**Exhibit A**, attached hereto and incorporated by reference herein).

15. On or about February 27, 2013, a Notice of Federal Tax Lien was sent to "DEBORAH J. GIACALONE REVOCABLE LIVING TRUST as Nominee of Jack Giacalone" (**Exhibit B**, attached hereto and incorporated by reference herein).

16. DEBORAH J. GIACALONE is not now, nor has she ever been a "nominee" of Jack Giacalone as it pertains to her interest in the property seized by the government.

17. The DEBORAH J. GIACALONE REVOCABLE LIVING TRUST is not now, nor has it ever been a "nominee" of Jack Giacalone as it pertains to her interest in the real property upon which the government has asserted a lien.

18. The levy against personal property and the lien against real property asserted by the government are wrongful as to DEBORAH J. GIACALONE and the DEBORAH J. GIACALONE REVOCABLE LIVING TRUST.

## COUNT I – QUIET TITLE

19. Plaintiffs reallege and incorporate by reference herein the allegations contained in paragraphs 1 through 18 above, as though fully restated below.

20. The real property which is the subject of a lien filed by the Internal Revenue Service is described as follows:

> "Lot(s) 21, "The Woods of Orchard Lake Subdivision No. 1", as recorded in Liber 212, Page(s) 28, 29, 30, 31, 32 and 33 of Plats, Oakland County Records."
>
> Tax ID NO. 18-080478-009

21. The real property was conveyed to Plaintiff Trust in 1992, as set forth more fully in **Exhibit C** attached hereto and incorporated by reference herein.

22. Plaintiff DEBORAH J. GIACALONE is the Trustee of the Plaintiff Trust.

23. Plaintiffs claim a superior interest in the subject property.

24. Defendant's lien upon the property by designating Plaintiffs as "nominees" is invalid and unjustified.

25. Pursuant to 28 U.S.C. §2410, Plaintiffs are entitled to an adjudication that quiets title in their favor.

### COUNT II – WRONGFUL LEVY

26. Plaintiffs reallege and incorporate by reference herein the allegations contained in paragraphs 1 through 25 above, as though fully restated below.

27. The real property described herein is not jointly owned property or a tenancy by the entireties. The property is solely owned by the DEBORAH J. GIACALONE REVOCABLE LIVING TRUST, as it has been since 1992, some

ten (10) years prior to the assessment of tax liabilities against Jack Giacalone. The Trust was formed on or about January 28, 1991. No part of the tax claimed by the IRS is assessed against either DEBORAH J. GIACALONE or the DEBORAH J. GIACALONE REVOCABLE LIVING TRUST. The lien arises solely out of taxes assessed against Jack Giacalone, and by virtue of designating the Trust as a "nominee" of Jack Giacalone.

28. The lien asserted against the property is wrongful as to Plaintiff, because the Trust is not a "nominee" of Jack Giacalone. The lien must be removed, and/or the property or its equivalent value must be restored to Plaintiff pursuant to 26 U.S.C. §7426.

29. The personal property described herein is not jointly owned property and are funds on account in which no other person or entity has any right, title or interest. Jack Giacalone is not a signatory on such account(s), nor does he have any rights, present, contingent or equitable, in the funds held in the account(s). The account(s) existed prior to the date that the tax liability assessed against Jack Giacalone arose.

30. The levy against the bank account(s) is wrongful as to Plaintiff, because DEBORAH J. GIACALONE is not a "nominee" of Jack Giacalone. The levy must be removed, and/or the property or its equivalent value must be restored to Plaintiff pursuant to 26 U.S.C. §7426.

## COUNT III – 
## DECLARATORY RELIEF

31. Plaintiffs reallege and incorporate by reference herein the allegations contained in paragraphs 1 through 30 above, as though fully restated below.

32. Plaintiff is the rightful owner of the real property commonly known as 3492 Twin Oaks Court, W. Bloomfield, MI, and the personal property items as set forth in "Exhibit A" to the subject trust.

33. The Court should enter a declaratory judgment setting forth that Plaintiff is the rightful owner of the real property commonly known as 3492 Twin Oaks Court, W. Bloomfield, MI, and the personal property as set forth in "Exhibit A".

WHEREFORE, Plaintiffs, DEBORAH J. GIACALONE and the DEBORAH J. GIACALONE REVOCABLE LIVING TRUST, respectfully requests that this Honorable Court enter its judgment as follows:

a. that title to the real property commonly known as 3492 Twin Oaks Court, W. Bloomfield, MI be in Plaintiff's name in fee simple, and that title to the property be forever quieted by this judgment;

b. that Plaintiff's title is valid title against Defendant's and all persons claiming under Defendant;

c. Grant Plaintiff further relief as the Court deems just and appropriate or as the equities require.

7

## CLAIM FOR RELIEF

34. Plaintiffs hereby reallege and incorporate by reference herein the allegations contained in paragraphs 1 through 33 above, as though fully restated below.

35. Pursuant to 26 U.S.C. §7426, Plaintiff requests that this Court enter the following relief upon a final judgment:

    (a) Grant an injunction to prohibit the enforcement of such levy or to prohibit a sale of such property if such sale would irreparably injure rights in the property which are superior to the rights of the United States in such property;

    (b) Order the return of specific property if the United States is in possession of such property;

    (c) Grant a judgment for the amount of money levied upon; or

    (d) Grant a judgment for an amount not exceeding the amount received by the United States from the sale of such property.

Respectfully submitted,

SCHWARTZ LAW FIRM, P.C.

By: /s/ MARY A. MAHONEY
Mary A. Mahoney (P41568)
Attorneys for Plaintiff
37887 West Twelve Mile Road, Suite A
Farmington Hills, Michigan 48331
(248) 553-9400

Dated: August 30, 2013

## **PLAINTIFF'S JURY DEMAND**

NOW COMES Plaintiff, DEBORAH GIACALONE, by and through her attorney, SCHWARTZ LAW FIRM, P.C., and hereby requests a trial by jury of the within cause.

                              Respectfully submitted,

                              SCHWARTZ LAW FIRM, P.C.

                              By: /s/ MARY A. MAHONEY
                                  Mary A. Mahoney (P41568)
                                  Attorneys for Plaintiff
                                  37887 West Twelve Mile Road, Suite A
                                  Farmington Hills, Michigan 48331
Dated: August 30, 2013            (248) 553-9400